MARÍA HILDA DÍAZ, demandante y apelada, *v.* LUIS RIVERA SOTO, demandado y apelante.

*Número:* AP-66-19      *Resuelto:* 27 de octubre de 1967

*Carlos J. Irizarry Yunqué,* abogado del apelante; *Edna Abruña Rodríguez, E. Armstrong de Watlington y Enrique Miranda Merced,* abogados de la apelada.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 26 de abril de 1960 la Sala de Ponce del Tribunal Superior de Puerto Rico dictó sentencia decretando el divorcio entre la demandante María Hilda Díaz y el demandado Luis Rivera Soto. En cuanto a la hija habida en el matrimonio la sentencia dispuso:

"Se dispone que la menor hija habida en el matrimonio quede bajo la custodia de la demandante, viniendo obligado el demandado a pasarle a dicha menor una cantidad razonable en concepto de alimentos tal y como hasta ahora lo ha venido haciendo."

Más de cinco años después, o sea, en 21 de diciembre de 1965, el tribunal de instancia dictó la siguiente

"Orden

Comparezca el demandado de epígrafe ante esta Sala, sin excusa ni pretexto de clase alguna, so pena de desacato, el día 28 de diciembre de 1965, a las 8:30 de la mañana, a mostrar causas si algunas tuviere por las que no deba ser declarado incurso en desacato por no haber cumplido con la pensión alimenticia fijádale para su hija, menor de edad."

La comparecencia del demandado fue aplazada para el 13 de enero de 1966 en cuya fecha compareció y alegó que no se había fijado una cuantía específica de alimentos y que habiendo pasado éstos no había incurrido en desacato y que interesaba se fijara la pensión que debía pasar. La vista del incidente fue pospuesta y se celebró el 17 de enero del mismo año.

En 9 de febrero de 1966 el tribunal dictó una resolución que en su parte dispositiva lee:

"La prueba aportada por las partes, demuestran que el señor Luis Rivera Soto no ha estado contribuyendo regularmente con la obligación impuéstale por el Tribunal, en la sentencia antes mencionada, de pasar una cantidad razonable en concepto de alimentos. Según el señor Rivera Soto, él originariamente le proveía una compra de $28.00 semanales[1] para el sostenimiento de su hija, y el 22 de mayo de 1963, la señora Díaz Vélez le requirió que le proveyera el dinero en vez de la compra.

De otra parte, ella alega que el Sr. Rivera Soto dejó de pasarle la compra tan pronto se decretó el divorcio y, de ahí en adelante, no ha contribuído regularmente con su obligación. Una vez en que la menor se enfermó él le dió $12.00 y le llevó tres sobres con $5.00.

El Tribunal entiende a la luz de las propias declaraciones de las partes, que, puede entenderse que una cantidad razonable de alimentos a que estaba obligado a contribuir el señor Rivera era la de $5.00 semanales.

La cuantía de los alimentos debe ser proporcionada a los recursos del que los da y a las necesidades del que lo recibe (31 SEC. L.P.R.A. 565).

El Tribunal estima en $493.00 la cuantía de los alimentos adeudados. En su consecuencia, lo encuentra culpable de desacato y lo condena a 10 días de cárcel. No se ejecutará esta sentencia si el Sr. Rivera Soto paga la cantidad adeudada ($493.00), a razón de $12.00 mensuales que depositará en la Secretaría, dentro de los primeros cinco días de cada mes.

Se le impone, además, la obligación de pasar la cantidad de $5.00 semanales en concepto de pensión alimenticia para el sostenimiento de su hija Hilda Juanita Rivera Díaz."

[1] Debe leerse "mensuales".

En este recurso se imputa al tribunal sentenciador haber cometido error "al juzgar y condenar al demandado apelante por un supuesto delito de desacato, apartándose del procedimiento de ley, y sin que hubiese base para instar un procedimiento de desacato."

Convenimos en que en este caso no había base para procesar al apelante por desacato.

Dispone el Art. 107 del Código Civil (31 L.P.R.A. sec. 383) entre otras cosas, lo siguiente:

"Al dictar la sentencia de divorcio el juez proveerá lo que fuere pertinente con respecto a los alimentos de los hijos menores de edad."

Al intentar dar cumplimiento a este precepto legal, el tribunal de instancia lo hizo en forma vaga e imprecisa al disponer que el demandado venía obligado a pasarle a su menor hija "una cantidad razonable en concepto de alimentos tal y como hasta ahora lo ha venido haciendo." El récord ante nos no revela en qué forma y extensión el demandado pasaba alimentos a su hija a la fecha de la sentencia de divorcio. La sentencia de divorcio no señala la cantidad que el demandado debía pasar a su hija en concepto de alimentos.

¿Cuándo y por quién se determina la cantidad razonable que debía constituir la pensión alimenticia? Esta interrogante la contesta la propia resolución que motiva este recurso. Fue el día que se ventilaba el incidente de desacato que el juez luego de oir la prueba presentada por ambas partes determinó que $5.00 semanales, era la cantidad razonable que el demandado debía pasar a su hija para alimentos. Antes de esa fecha no había determinación alguna de lo que debía ser "una cantidad razonable." Habiéndose determinado la cantidad razonable de la pensión alimenticia el día de la vista del desacato no podía dársele efecto retroactivo a dicha determinación a los fines de imputarle al demandado su incumplimiento, y en su consecuencia casti-

gársele por desacato y ordenársele pagar pensiones atrasadas computadas a base de la determinación que *a posteriori* hizo el juez sentenciador. Siendo ello así, la sentencia que le condenó por desacato carece de base legal.

Las sentencias de divorcio deben contener disposiciones claras en lo que respecta a los alimentos de los hijos menores de edad. Debe especificarse en la sentencia la cuantía de la pensión que el obligado debe pasar a los hijos menores aunque por circunstancias especiales, en ocasiones pueda disponerse que la cuantía se pase en provisiones, ropa, medicinas, etc. En esta forma se obvian los problemas que puedan surgir, como ha ocurrido en este caso, cuando el tribunal usa su poder y facultad para obligar el cumplimiento de su sentencia.

*La sentencia del Tribunal Superior, en tanto en cuanto condena al apelante por desacato y le ordena satisfacer en mensualidades la suma de $493.00, debe ser revocada. Dicha sentencia será confirmada en aquella parte que impone al apelante la obligación de pasar a su menor hija la cantidad de $5.00 semanales en concepto de alimentos.*

