ROSA COLÓN JORGE, demandante y peticionaria, *v.* ORLANDO RAMOS RÍOS, demandado y recurrido.

*Número:* O-85-107      *Resuelto:* 29 de marzo de 1985

*Heriberto Quiñones Echevarría,* abogado de la peticionaria; la parte recurrida no compareció.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

Rosa Colón Jorge instó acción de divorcio por trato cruel contra Orlando Ramos Ríos. Alegó haber procreado durante el matrimonio cinco (5) hijos y solicitó una pensión alimenticia de $200. Por desconocerse el paradero de Ramos Ríos, fue

emplazado mediante edicto. No formuló contestación. Se le anotó rebeldía. El Tribunal Superior, Sala de San Juan, celebrada la vista decretó el divorcio. No obstante, denegó la pensión alimenticia "[p]or desconocerse el paradero del demandado ...". A solicitud de la demandante revisamos.

## II

Erró el foro de instancia. Originalmente, el Art. 107 del Código Civil disponía, en lo pertinente, que "[a]l dictar la sentencia de divorcio el juez *proveerá lo que fuere pertinente con respecto a los alimentos de los hijos menores de edad"*. (Énfasis suplido.) 31 L.P.R.A. sec. 383. Fue enmendado en el 1976. Inexplicablemente, se excluyó ese lenguaje de la nueva redacción. ¿Significa que en divorcios en rebeldía no pueden disponerse remedios en cuanto al deber de alimentación entre cónyuges o hijos menores? La respuesta es negativa.

■ Primero, aun en ausencia de mandato expreso, los tribunales en su función de *parens patriae*, tienen facultad inherente para conceder y formular remedios compatibles y resultantes del derecho a la alimentación. Véase *Martínez* v. *Rivera Hernández*, 116 D.P.R. 164 (1985).

■ Segundo, el Código Civil contiene un esquema equilibrado y armonioso de preceptos sobre alimentos, que leídos en conjunto, sirven de base para sostener la facultad de un tribunal para concederlos al cónyuge inocente y sus hijos, cuando son solicitados en ocasión de un divorcio. Un dictamen en rebeldía no afecta su procedencia. Arts. 143 y 153 del Código Civil.(¹) *Cf. Guadalupe Viera* v. *Morell*, 115 D.P.R. 4 (1983).

---

(¹) El Art. 143 dispone:

"Están obligados recíprocamente a darse alimentos, en toda la extensión que señala la sección precedente:

"1. Los cónyuges.

"2. Los ascendientes y descendientes legítimos.

■ Tercero, de la exposición de motivos de la Ley Núm. 100 —que recoge fielmente el informe de la comisión que estudió el asunto— se desprende que el legislador sólo pretendió enmendar el Art. 107 para dar discreción al tribunal de adjudicar la custodia y la patria potestad a base de los mejores intereses y bienestar del menor, independientemente del cónyuge que fuera culpable del divorcio. No aparece intención alguna de trastocar el área de derechos y la adjudicación de alimentos.

■ Finalmente, una interpretación en contrario conduciría al absurdo de dejar desamparados a los menores de edad. Premiaría al cónyuge en rebeldía, ([2]) inclusive aquellos que se

---

"3. Los padres y los hijos legitimados y los descendientes legítimos; naturales e ilegítimos de éstos.

"4. Los padres y los hijos ilegítimos y los descendientes legítimos, naturales e ilegítimos de éstos.

"5. El adoptante y el adoptado.

"Los hermanos deben también a sus hermanos legítimos, aunque sólo sean uterinos o consanguíneos, los auxilios necesarios para la vida, cuando por un defecto físico o moral, o por cualquiera otra causa que no sea imputable al alimentista, no puede éste procurarse su subsistencia. En estos auxilios están, en su caso, comprendidos los gastos indispensables para costear la instrucción elemental y la enseñanza de una profesión, arte u oficio." 31 L.P.R.A. sec. 562.

El Art. 153 reza:

"El padre y la madre tienen, respecto de sus hijos no emancipados:

"1. El deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho.

"2. La facultad de corregirlos y castigarlos moderadamente o de una manera razonable." 31 L.P.R.A. sec. 601.

([2]) Según resuelto en *Continental Ins. Co.* v. *Isleta Marina,* 106 D.P.R. 809 (1978), la rebeldía conlleva que se estimen aceptadas las materias bien alegadas.

Nuestros pronunciamientos respecto a que en ocasiones ciertas alegaciones *sobre materias indeterminadas precisan de cuantificaciones mediante prueba al efecto,* no operan contra la decisión de hoy. En aquellas situaciones en que los tribunales de instancia tengan dudas fundadas y justificadas sobre la cuantía alimenticia, bastará requerir de la parte promovente que desfile evidencia sobre ese extremo. No requerirla significa que la conciencia judicial ha quedado satisfecha a base de las alegaciones.

ocultan o esconden en un intento de evadir las consecuencias y responsabilidades económicas de un divorcio. *Martínez* v. *Rivera Hernández,* supra; *Díaz* v. *Rivera Soto,* 95 D.P.R. 386, 390 (1967); *Fernández* v. *Davison,* 80 D.P.R. 253, 256 (1958).

*Se dictará la sentencia correspondiente.*