# 2001 DTA 107

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN
### PANEL III

COOPERATIVA DE AHORRO Y CREDITO DE LA POLICIA (POLI-COOP)
Demandante-Apelada

v.

MARIA DEL CARMEN ROIG ZAYAS
Codemandada-Apelante

Núm. KLAN-2000-00796

San Juan, Puerto Rico, a 25 de enero de 2001

Panel integrado por su Presidente, el Juez Negrón Soto,
y los Jueces Segarra Olivero y Negroni Cintrón

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el recurso que nos ocupa, la codemandada y apelante, María del Carmen Roig Zayas, solicita la revocación de una sentencia dictada en rebeldía por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, mediante la cual se le condenó a pagar la suma de $19,388.61 de principal, más intereses legales a partir de su fecha de notificación al 9.5%, más las costas y gastos del pleito.

Por las razones que más adelante exponemos, revocamos la sentencia apelada.

### I

El 13 de noviembre de 1998, la demandante y apelada, Cooperativa de Ahorro y Crédito de la Policía, representada por su síndico liquidador, la Corporación de Seguro de Acciones y Depósitos de Cooperativas de Ahorro y Crédito, presentó demanda en cobro de dinero, donde surgían como demandados en su epígrafe Juan Roig Moreno, Fulana de Tal y la Sociedad Legal de Gananciales compuesta entre ambos; Néstor Rodríguez Rodríguez, Sutana de Tal y la Sociedad Legal de Gananciales compuesta entre ambos, y María Rivera Cruz, Fulano de Tal y la Sociedad Legal de Gananciales compuesta entre ambos. Alegó la apelada que la parte demandada le adeudaba la suma de $17,603.37 de principal e intereses, por concepto de un préstamo otorgado a Edgar Meléndez Rivera, en el cual figuran como deudores solidarios Adalberto Román Serrano, Néstor Rodríguez Rodríguez y María Rivera Cruz. Se adujo que la deuda era líquida y exigible, y había continuado devengando intereses y recargos por morosidad. No obstante, en las alegaciones de la demanda no se incluyó como deudor o deudor solidario a Juan Roig Moreno.

El 30 de noviembre de 1998, a la apelante se le entregó, personalmente, copia de la referida demanda y un emplazamiento dirigido a *"Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ella y su esposo, Juan Roig Moreno"*. La apelante, en comparecencia especial del 11 de diciembre de 1998, sin someterse a la jurisdicción del Tribunal, alegó que había recibido copia de la demanda, de la cual no surgía su nombre, y un emplazamiento dirigido a Fulana de Tal, por lo que el tribunal no asumió jurisdicción sobre su persona, ya que el emplazamiento no cumplió con los requisitos de la Regla 4.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.4.

### II

En orden emitida el 15 de enero de 1999 y notificada el día 19 del mismo mes y año, el Tribunal le concedió diez (10) días a la apelada para que expusiera su posición respecto al emplazamiento de la apelante. No fue hasta el 28 de julio de 1999 que la apelada contestó la orden, y adujo que denominó con nombres ficticios a varios

codemandados en la demanda instada, conforme a lo dispuesto en la Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 15.4. Aunque la apelada no solicitó la enmienda a la demanda inmediatamente que advino en conocimiento del verdadero nombre de la apelante, entendió que eso era un error subsanable que no constituia razón suficiente para la desestimación. Alegó que el emplazamiento personal a la apelante cumplió con notificar efectivamente que se presentó una demanda en su contra. Finalmente, solicitó al Tribunal que permitiera enmendar la demanda para sustituir el nombre de la codemandada Fulana de Tal por el de la apelante.

Por otra parte, ese mismo día, el 28 de julio de 1999, la apelada solicitó el desistimiento con perjuicio de la demanda contra la codemandada María Rivera Cruz, Fulano de Tal y la Sociedad Legal de Gananciales compuesta por ambos por no haberlos podido emplazar dentro del término de seis (6) meses que para ello tenía, conforme la Regla 4.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3. Mediante dictamen del 4 de octubre de 1999, notificado el 6 del mismo mes y año, el Tribunal acogió dicha solicitud.

Así las cosas, mediante orden emitida el 23 de agosto de 1999, notificada dos (2) días después, el Tribunal concedió diez (10) días a la parte demandada para que se expresara en relación con la moción en cumplimiento de orden presentada por la apelada. En cumplimiento con lo ordenado y sin someterse a la jurisdicción del Tribunal, la apelante se opuso a lo solicitado en la moción en cumplimiento de orden por ser ello contrario a derecho. Sostuvo que la Regla 15.4 de Procedimiento Civil, *supra*, lo que permite es designar a un demandado con un nombre ficticio, pero no emplazarlo de esa forma. Expresó que a esa fecha la apelante no había sido emplazada conforme a derecho y que era tardío hacerlo, ya que la referida Regla 15.4 establece que el tipo de enmienda solicitada debe hacerse con toda prontitud al descubrirse el verdadero nombre de la persona designada con un nombre ficticio. Que el emplazamiento de la apelante era ilegal, por lo que el Tribunal no podía asumir jurisdicción sobre su persona. Finalmente, afirmó que por tratarse de la misma controversia, la apelada debe proceder con la entereza que actuó con la codemandada María Rivera Cruz, en moción presentada el 28 de julio de 1999, de solicitar el desistimiento con perjuicio de la demanda instada contra ésta.

En orden emitida el 11 de octubre de 1999, notificada el día 14 del mismo mes y año, el Tribunal expresó que "*corroborado que no existe emplazamiento alguno debidamente diligenciado a nombre de María del Carmen Roig Zayas, ni alegación alguna, ni incluida en epígrafe, nada hay que disponer por ser parte del pleito*". Inconforme con ello, la apelada solicitó la reconsideración de dicho dictamen. Esencialmente, reprodujo los argumentos esbozados en la moción en cumplimiento de orden que había presentado anteriormente. El Tribunal acogió la moción a los fines de evaluarla y le concedió término a la demandada para replicar. Compareció la apelante aduciendo que su posición sobre lo ordenado fue expuesta en su réplica del 7 de septiembre de 1999; y que la controversia planteada fue resuelta por el Tribunal mediante orden del 11 de octubre de 1999, y notificada el día 14 siguiente.

Así las cosas, el 27 de enero de 2000, el Tribunal emitió resolución, la cual fue notificada el 4 de febrero siguiente. Expresó que la razón para impugnar el emplazamiento de la apelante fue que ésta fue emplazada utilizando un nombre ficticio para denominarla. Entendió enmendado el emplazamiento, pues ello consistió de un mero error técnico y se emplazó a la persona que se tenía interés en demandar. Así, ordenó a la apelante contestar la demanda en un término de quince (15) días.

En moción fechada 24 de marzo de 2000, la apelada solicitó la anotación de rebeldía contra la apelante por el fundamento de que ésta se encontraba en rebeldía, toda vez que había transcurrido el término legal de veinte (20) días que tenía para contestar la demanda u oponerse a la misma con las defensas o acciones procedentes en derecho. Acompañó con su solicitud copia de la demanda y del emplazamiento, una declaración que alegadamente acreditaba la deuda, copia del pagaré y un proyecto de sentencia. ■

Mediante orden del 1 de mayo de 2000, el Tribunal anotó la rebeldía a la apelante. El 3 de mayo siguiente, se dictó sentencia en rebeldía, notificada el 20 de junio de 2000, condenando a la apelante a pagar a la parte apelada la suma de $19,388.61 de principal, más intereses legales a partir de su fecha de notificación al 9.5%, más las costas y gastos del pleito. Ambos dictámenes fueron archivados en autos el 20 de junio de 2000.

No obstante, el 2 de mayo de 2000, la apelante contestó la demanda, negó las alegaciones de la misma y reconvino contra la apelada. Conjuntamente presentó una moción informativa en la que adujo que no había contestado la demanda por una confusión en el trámite del caso, que provocó que le devolvieran unas mociones porque el arancel en sellos de rentas internas era insuficiente. Alegó que la apelada no actuó de buena fe en su solicitud, ni tiene "*standing*" para presentarla, cuando desacató una orden del Tribunal, la cual contestó pasados seis (6) meses, sin que esta parte solicitara sanciones por su incumplimiento. Solicitó que se aceptara la contestación a la demanda, se recibieran los aranceles adeudados, las mociones devueltas con sus sellos, y por consiguiente, desestimara la moción solicitando la anotación de rebeldía. En lo que concierne a dicha moción informativa, el 21 de junio de 2000, el Tribunal emitió una orden, la cual fue archivada en autos el 29 del mismo mes y año, mediante la cual se remitió a la sentencia en rebeldía emitida el 3 de mayo de 2000. (Véase, págs. 1 y 2 del Apéndice.)

Inconforme con la sentencia en rebeldía, la apelante acude ante nos imputándole al Tribunal de Primera Instancia haber errado:

"1. ...al determinar que el emplazamiento diligenciado en la persona de la co-demandada María del Carmen Roig Zayas, fue uno válido en derecho cuando a ésta se emplazó bajo el nombre ficticio de Fulana de Tal y no con su verdadero nombre sin que se enmendara la demanda.

2. ...en anotar Rebeldía y dictar Sentencia conforme a la misma a la co-demandada María del Carmen Roig Zayas, habiendo ésta contestado la demanda y existiendo justa causa para hacerlo con algún retraso; en adición sin que la parte demandante se lo hubiera solicitado mediante Moción donde expusiera los hechos y el Derecho aplicable para su concesión y sin celebrar vista habiendo la parte demandada comparecido al pleito.

3. ...al dictar Sentencia en contra de la codemandada María del Carmen Roig Zayas por ser la controversia Cosa Juzgada."

### III

Nuestro más alto Foro, reiteradamente, ha resuelto que "*[E]n aras de impartir justicia, un tribunal apelativo tiene la facultad inherente para considerar y resolver errores patentes que surjan de un recurso, aun cuando los mismos no hayan sido levantados por las partes*". Hernández v. Espinosa, 145 D.P.R. __ (1998) **98 J.T.S. 41**, a la pág. 781; López v. I.T.T. Intermedia, 142 D.P.R. __ (1997), **97 J.T.S. 42**, a la pág. 839; Ríos Quiñones v. Adm. Servs. Agrícolas, 140 D.P.R. __ (1996), **96 J.T.S. 71**, a la pág. 1133; Rodríguez Cruz v. Padilla, 125 D.P.R. 486, 511-12 (1990); Ab Intestato Marini Pabón, 107 D.P.R. 433, 439 (1978); Santiago Cruz v. Hernández Andino, 91 D.P.R. 709, 711 (1965); Piovanetti v. Vivaldi, 80 D.P.R. 108, 121 (1957). Ello así, este Foro Apelativo puede corregir errores patentes manifiestos en un recurso, aun cuando los mismos no hayan sido traídos ante nuestra consideración. Hernández v. Espinosa, supra. Ahora, pasemos a examinar el derecho aplicable al caso que nos ocupa.

La Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.1, permite anotar la rebeldía a una parte en un pleito cuando ésta "*haya dejado de presentar alegaciones o de defenderse en otra forma, según se dispone en estas Reglas*". La doctrina prevaleciente, como regla general, en el trámite de un caso en rebeldía, tiene como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda. Es menester aclarar que "*materias bien alegadas*" es equivalente a hechos correctamente alegados. Rivera Rivera v. Insular Wire Products, Corp., 140 D.P.R. __ (1996), **96 J.T.S. 76**; Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 815-816 (1978); Colón v. Ramos, 116 D.P.R. 258-260, (1985), nota al calce 2. La doctrina anteriormente esbozada, no priva al tribunal de evaluar si, en virtud de tales hechos, no controvertidos, existe válidamente una causa de acción que amerita la concesión del remedio reclamado, ya que el Tribunal Supremo ha sido enfático al declarar que "*los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. No renuncia a las defensas de falta de jurisdicción, ni de que la demanda no aduce hechos constitutivos de una causa de acción a favor del reclamante. En otras palabras, un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante; el demandado no*

*admite hechos incorrectamente alegados como tampoco conclusiones de derecho." Hernández v. Espinosa, supra,* a la pág. 784; *Rivera Rivera v. Insular Wire Products, Corp., supra,* pág. 1173; *Continental Ins. Co. v. Isleta Marina, supra.*

La Regla 45.2 (b) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.2, dispone que si para que el tribunal pueda dictar sentencia o ejecutarla se hace necesario fijar el estado de una cuenta o comprobar la veracidad de cualquier alegación mediante prueba, éste deberá celebrar las vistas que crea necesarias y adecuadas. *Continental Ins. Co. v. Isleta Marina, supra,* págs. 816-817.

A la luz de los principios de derecho anteriormente reseñados, analicemos la controversia planteada ante nos.

## IV

En la demanda instada por la apelada figuran en el epígrafe como demandados Juan Roig Moreno, Fulana de Tal y la Sociedad Legal de Gananciales compuesta entre ambos; Nestor Rodríguez Rodríguez, Sutana de Tal y la Sociedad Legal de Gananciales compuesta entre ambos, y María Rivera Cruz, Fulano de Tal y la Sociedad Legal de Gananciales compuesta entre ambos. En dicha demanda se alegó que la parte demandada le adeudaba a la parte demandante la suma de $17,603.37 por concepto de un préstamo otorgado a Edgar Meléndez Rivera, en el cual figuraban como deudores solidarios Adalberto Román Serrano, Néstor Rodríguez Rodríguez y María Rivera Cruz. No obstante, en las alegaciones de la demanda no se incluyó como deudor o deudor solidario a Juan Roig Moreno, Fulana de Tal y la Sociedad Legal de Gananciales compuesta entre ambos, y mucho menos se incluyó el nombre de la apelante.

De manera que, aun cuando se aceptaran todas y cada una de las materias bien alegadas en la demanda, o sea, los hechos correctamente alegados, es forzoso concluir que en la misma no hay alegación alguna de que la apelante adeude dinero a la apelada, bien sea como deudora o deudora solidaria. Por ello, la demanda no aduce hechos que justifiquen la concesión de un remedio a favor de la apelada y en contra de la apelante.

Asimismo, al examinar la declaración jurada que acompañó la apelada con su solicitud de anotación de rebeldía, no surge de ella el nombre de la apelante como deudora. De la declaración jurada suscrita por Ismael López López, Vicepresidente del Area de Liquidaciones de la Corporación de Seguro de Acciones y Depósitos de Cooperativas de Ahorro y Crédito, surge que *"[a] la fecha del 21 de marzo del 2000, los demandados adeudaban a la parte demandante la cantidad de $11,589.35 de principal, más $7,799.26 de intereses".* ▉ Como es fácil comprobar, tampoco se desprende de dicha declaración jurada que la apelante adeude suma alguna a la apelada, sino que se limita a expresar en términos generales que los demandados adeudan una suma de dinero, sin que se hubiese enmendado la demanda con el propósito de incluir el nombre de la apelante.

Adicionalmente, en el pagaré ▉ figuran las firmas de Edgar Meléndez Rivera, María Rivera Cruz y Néstor Rodríguez Rodríguez como deudores. Aparece una firma como deudor, la cual es ilegible, con seguro social 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 y que ofrece la dirección del Cuartel de la Policía de Cayey. No sabemos si la referida firma pertenece a Adalberto Román Serrano o Juan Roig Moreno. Lo realmente importante es que tampoco surge del referido pagaré el nombre de la apelante.

Al evaluar las circunstancias reseñadas, debemos concluir que en el caso de autos, no existe, conforme las alegaciones de la demanda, una causa de acción que amerite la concesión de un remedio a favor de la parte demandante, ya que la demanda no aduce hechos constitutivos de una causa de acción a favor de la apelada y en contra de la apelante. Como señalamos anteriormente, un demandado en un caso en rebeldía no renuncia a las defensas de que la demanda no aduce hechos constitutivos de una causa de acción a favor del demandante. Un caso en rebeldía *"...no garantiza, per se, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho." Hernández v. Espinosa, supra,* a la pág. 784; *Rivera Rivera v. Insular Wire Products, Corp., supra,* pág. 1173; *Continental Ins. Co. v. Isleta Marina, supra.*

Por estas consideraciones, resulta innecesario discutir los señalamientos de error relacionados con

deficiencias en el diligenciamiento del emplazamiento y de la defensa de cosa juzgada.

No obstante, la apelante deberá permanecer como parte interesada en el pleito, por si surgiera la necesidad de proteger sus intereses y los de la sociedad legal de gananciales, a tenor con las disposiciones del Artículo 1308 del Código Civil de Puerto Rico, 32 L.P.R.A. sec. 3668, según fue interpretado en *WRC Props., Inc. v. Santana*, 116 D.P.R. 127, 15 (1985), y su progenie.

**V**

Por los fundamentos anteriormente expuestos, revocamos la sentencia apelada y en su lugar declaramos sin lugar la reclamación en cobro de dinero en contra de la apelante.

Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**ESCOLIOS 2001 DTA 107**

**1.** Págs. 17-18 del apéndice de la Apelación.

**2.** Págs. 7-8 del apéndice de la Apelación.

**3.** Pág. 65, *Ibid.*