Pabón Chameco, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Jesel M. Cabán Santiago, en adelante, la peticionaria, solicitando la revisión de una Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el tribunal a quo ordenó al First Hospital Panamericano entregar a Héctor L. Morales Velázquez, en adelante, el recurrido, copia del expediente médico y clínico de la peticionaria que obra en la Institución.
Por los fundamentos que expondremos a continuación, se expide el auto solicitado.
*699 I
Conforme surge del recurso ante nuestra consideración, la peticionaria y el recurrido sostuvieron una relación, fruto de la cual nació un hijo. El 24 de mayo de 1999, el recurrido presentó una Petición de Alimentos ante el Tribunal de Primera Instancia. En dicha petición, solicitó se le impusiera pensión alimentaria en beneficio del menor. A su vez, el 12 de noviembre de 1999, solicitó relaciones paterno-filiales.
El 15 de diciembre de 1999, el tribunal a quo dictó Sentencia imponiéndole al recurrido la suma de $100.00 por concepto de pensión alimentaria. Posteriormente, y luego de haberse emitido una Orden a esos efectos, la Oficina de Relaciones de Familia le notificó al foro de instancia que las partes habían llegado a una estipulación referente a las relaciones paterno-filiales. El Tribunal de Primera Instancia aprobó la estipulación el 4 de abril de 2000.
Así las cosas, el 21 de agosto de 2001, el recurrido presentó una “Solicitud de Custodia”. Alegó, entre otros extremos:

“1....

5. La madre peticionaria ha demostrado un patrón de conducta inestable en la crianza de su hijo. Demuestra ser una persona incapaz de cumplir a cabalidad con sus responsabilidades como madre. Por información y creencia sabemos que ésta es una persona agresiva y que actualmente tiene problemas de alcohol. ”
Véase Exhibit I del Apéndice.
El 17 de septiembre de 2001, el tribunal a quo le ordenó a la Oficina de Relaciones de Familia realizar un estudio social. Requirió que, de ser necesarias, se efectuaran evaluaciones psicológicas, psiquiátricas y/o neurológicas. Asimismo, ordenó a los Departamentos de Educación, de la Familia y de Salud, entre otros, poner a disposición del trabajador social cualquier expediente relacionado al caso.
El 5 de octubre de 2001, el recurrido interpuso escrito intitulado “Solicitud de Remedio Urgente”. Le planteó al Tribunal de Primera Instancia, entre otros extremos, que había sido informado por terceras personas que a la peticionaria la habían expulsado de la Universidad donde cursaba estudios y que había estado recluida nuevamente en el First Hospital Panamericano a causa de problemas de salud mental. La peticionaria presentó debida oposición al escrito arriba mencionado así como a la solicitud de custodia.
Luego de varios trámites procesales, el 24 de enero de 2002, se celebró una vista ante el Tribunal de Primera Instancia. Entre los asuntos discutidos estaban las entrevistas a ser realizadas por la Oficina de Relaciones de Familia.
Tras otros incidentes procesales, el 19 de marzo de 2001, la Trabajadora Social del caso compareció ante el tribunal a quo presentando escrito intitulado “Moción Sobre Status del Caso”. En el mismo, informó las acciones que se estaban realizando en el caso incluyendo la realización de pruebas psicológicas a ambos padres.
El 15 de agosto de 2002, el Tribunal de Primera Instancia le concedió la custodia provisional a la peticionaria. Posteriormente, se celebró una vista donde se le ordenó a la peticionaria ser evaluada por un psiquiatra.
Así las cosas, el 4 de febrero de 2003, el recurrido presentó escrito intitulado “Solicitud Urgente de Vista”. En la misma, le solicitó al tribunal a quo ordenara al First Hospital Panamericano entregar copia del expediente médico y de todo documento que obrara en la institución relacionado a la peticionaria. A dicha pretensión la peticionaria se opuso.
*700 El 13 de marzo de 2003, notificada el 14 de marzo de 2003, el Tribunal de Primera Instancia declaró Con Lugar la solicitud presentada. Señaló dicho foro:

“Vista la Solicitud Urgente de Orden presentada por el peticionario, señor Morales Velázquez, el Tribunal ordena al First Hospital Panamericano ubicado en Cidra, Puerto Rico, entregar, sin excusa, ni pretexto alguno, copia de todo el expediente médico completo y de todo documento que obre en el Hospital relacionado a la señora Jessel M. Cabán Santiago.

Véase Exhibit A(l) del Apéndice.
Inconforme con dicha determinación, la peticionaria acude a este Tribunal. El 6 de junio de 2003, en auxilio de nuestra jurisdicción, ordenamos la paralización de los procedimientos. Contando con la posición del recurrido, procedemos a resolver.
II
En su escrito, la peticionaria plantea que incidió el Tribunal de Primera Instancia al ordenar al First Hospital Panamericano entregar copia al recurrido del expediente médico de la peticionaria que obra en la institución violentando así la norma de confidencialidad médico-paciente en su modalidad de psicoterapista que establece la Regla 26 de las de Evidencia.
III
La postura adoptada por nuestro ordenamiento en el campo de lo civil es permitir un descubrimiento de prueba amplio y liberal, de forma que las partes puedan precisar con exactitud los hechos en controversia. Esta postura responde a que en la demanda sólo se requiere una notificación a grandes rasgos de cuáles son las reclamaciones y defensas de las partes. Alvarado v. Alemany, 157 D.P.R. _ (2002), 2002 J.T.S. 98; Alfonso Brú v. Trane Export, Inc., 155 D.P.R. _ (2001), 2001 J.T.S. 132; Rivera y otros v. Bco. Popular, 152 D.P.R. _ (2000), 2000 J.T.S. 156; véase, además; José Cuevas Segarra, Tratado de Derecho Procesal Civil, Vol. I, San Juan, Publicaciones J.T.S., 2000, pág. 468.
La Regla 23.1(a) de las de Procedimiento Civil establece, en lo pertinente, que:

“(a) Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que información que conduzca al descubrimiento de evidencia admisible.

(b)...’’.

32 L.P.R.A. Ap. III, R. 23.1(a).
Se colige de lo anterior que sólo hay dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, conforme los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. Alvarado v. Alemany, supra; Vicenti Damiani v. Saldaña Acha, 156 D.P.R. _ (2002), 2002 J.T.S. 72; García Rivera et al v. Enriquez, 153 D.P.R. __ (2001), 2001 J.T.S. 15; Alfonso Brú v. Trane Export, Inc., supra; Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 730-731 (1994).
*701 El primero de estos requisitos incorpora más bien los privilegios reconocidos por las reglas de evidencia. Véanse, Pres. del Senado, 148 D.P.R. 737 (1999); Véanse, además, García Rivera et al v. Enriquez, supra; Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 214 (1982); 32 L.P.R.A. Ap. IV, R. 25-32. El término “privilegiado”, según utilizado tanto en las Reglas de Procedimiento Civil, supra, como en las Reglas de Evidencia, supra, se refiere exclusivamente a aquellos privilegios reconocidos en las Reglas 23-32 del antedicho cuerpo. Véase Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982). Estos deberán ser interpretados restrictivamente con relación a cualquier determinación sobre la existencia del mismo, de tal manera que se evite su extensión indebida. Rodríguez v. Scotiabank, supra; García Negrón v. Tribunal, 104 D.P.R. 727 (1976).
En cuanto al criterio para determinar la pertinencia, éste es más amplio que el que rige en el ámbito probatorio-, siendo suficiente la posibilidad racional de relación con el asunto en controversia. Pres. del Senado, supra; Rivera y otros v. Bco. Popular, supra; Ortiz Rivera v. E.L.A., National Ins. Co., 125 D.P.R. 65, 70 (1989); General Electric v. Concessionaries, Inc., 118 D.P.R. 32, 40 (1986). Bajo este criterio se admite el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones. Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959). Basta que exista una posibilidad razonable de relación con el asunto en controversia. Véase, Medina v. M.S. & D. Química P.R., Inc., supra.
Las Reglas de Procedimiento Civil, en general, dejan en manos de los abogados el trámite de descubrimiento de prueba, para fomentar una mayor flexibilidad y minimizar la intervención del tribunal en esta etapa. Vicenti Damiani v. Saldaña Acha, supra; Rivera y otros v. Bco. Popular, supra. Ello no implica que el Tribunal no deba intervenir en casos apropiados para evitar abuso en el proceso y para reglamentar el trámite ordenado del caso. Alfonso Brú v. Trane Export, Inc., supra; Chévere v. Levis Goldstein, 150 D.P.R. _ (2000), 2000 J.T.S. 56; Amaro González v. First Fed. Savs., 132 D.P.R. 1, 042, 1, 054 (1993); Lluch v. España Service Sta., 117 D.P.R. 729, 743-744 (1986).
IV
En su escrito, la peticionaria nos plantea que el Tribunal de Primera Instancia incidió al autorizar y ordenar la entrega de la totalidad de su expediente médico. Arguye que su capacidad mental no está en controversia y que, aunque lo estuviera, procedería referir a la peticionaria al perito consultor del tribunal para su evaluación. Aduce que estos peritos, de así entender que necesitan acceso a algún otro expediente, lo requerirán en sus informes.
En el presente caso, como bien indica el recurrido, se hace imperativo determinar si en los casos de custodia, en donde uno de los factores a determinar es la salud psíquica de las padres, procede que uno de ellos invoque el privilegio médico-paciente y su derecho a la privacidad y confidencialidad, aun cuando existe evidencia, toda vez que dicha parte ha admitido haberse sometido a tratamiento, de que podría padecer alguna condición mental.
Comencemos señalando que la Regla 26 de las de Evidencia se encarga de definir y adoptar la regla de exclusión de evidencia conocida como el privilegio médico-paciente al disponer en lo pertinente lo siguiente:

“Sujeto a lo dispuesto en esta regla, el paciente, sea o no parte en el pleito o acción, tiene el privilegio de rehusar revelar, y de impedir que otro revele, una comunicación confidencial entre el paciente y el médico si el paciente o el médico razonablemente creían que la comunicación era necesaria para permitir al médico diagnosticar o ayudarle en un diagnóstico de la condición del paciente o para prescribir o dar tratamiento a la misma. El privilegio puede ser invocado no sólo por su poseedor, el paciente, sino también por una persona autorizada para invocarlo en beneficio del paciente, o por el médico a quien se hizo la comunicación confidencial, si éste lo invoca a nombre de y para beneficio del paciente.

*702
(C) No existe privilegio bajo esta regla si:

(1) La cuestión en controversia concierne la condición del paciente, bien en una acción para recluirle o ponerle bajo custodia por razón de alegada incapacidad mental o en una acción en la que el paciente trata de establecer su capacidad, o en una acción en la que el paciente trata de establecer su capacidad, o en una acción de daños a base de la conducta del paciente que constituye delito.

(2) Los servicios del médico fueron solicitados u obtenidos para hacer posible o ayudar a cometer o planear la comisión de un delito o de un acto torticero.

(3) El procedimiento es de naturaleza criminal.

(4) El procedimiento es una acción civil para recobrar daños con motivo de conducta del paciente y se demuestra justa causa para revelar la comunicación.

(5) El procedimiento es sobre una controversia en tomo a la validez de un alegado testamento del paciente.

(6) La controversia es entre las partes que derivan sus derechos del paciente, ya sea por sucesión testada o intestada.

(7) La comunicación es pertinente a una controversia basada en el incumplimiento de un deber que surge de la relación medico y paciente.

(8) Se trata de una acción en que la condición del paciente constituye un elemento o factor de la reclamación o defensa del paciente, o de cualquier persona que reclama al amparo del derecho del paciente o a través de éste, o como beneficiario del paciente en virtud de un contrato en que el paciente es o fue parte.

(9) El poseedor del privilegio hizo que el médico o un agente o empleado de éste declararla] en una acción respecto a cualquier materia que vino en conocimiento del médico, su agente o empleado por medio de la comunicación.

(10) La comunicación es pertinente a una controversia relacionada con un examen médico ordenado por el tribunal a un paciente, sea el paciente parte o testigo en el pleito. ”

Regla 26 de las de Evidencia, 32 L.P.R.A. Ap. IV.
De lo anterior colegimos que los requisitos con los que tiene que cumplirse para que la comunicación pierda el privilegio general de la confidencialidad son: (1) la comunicación tiene que estar relacionada o ser pertinente a una condición del paciente; (2) la condición del paciente tiene que, a su vez, estar relacionada con una controversia sobre la conducta del paciente; (3) el procedimiento debe ser uno iniciado para reclamar compensación por daños causados o imputables a esa conducta del paciente, y (4) debe demostrarse justa causa para que se revele la comunicación.
De todo ello se aprecia la intención de evitar que la divulgación de la comunicación se haga de forma abusiva o indiscriminadamente, en los casos a que se refiere, particularmente porque requiere que el interesado demuestre causa para que se revele la comunicación. Ello le permite al tribunal proteger al paciente-litigante de una búsqueda indiferenciada o una expedición de pesca en el récord médico del paciente-litigante.
Es una realidad irrefutable que el privilegio de la comunicación médico-paciente ha sido severamente criticado y que por estimarse que el perjuicio a la administración de la justicia es superior al beneficio que recibe *703 el paciente por suprimir la divulgación en un proceso judicial de la información privilegiada, el privilegio de la comunicación médico-paciente ha sido considerablemente restringido por los estatutos que lo regulan y por interpretaciones judiciales. García Negrón v. Tribunal Superior, supra, alapág. 734.
Por otro lado, es de rigor destacar que, en los casos sobre custodia, los tribunales tienen el poder inherente, en su función de parens patriae, de velar por el mejor bienestar de los menores. Pena v. Pena, 152 D.P.R. _ (2000), 2000 J.T.S. 200. Véase, Torres, Ex parte, 118 D.P.R. 469 (1987); Colón v. Ramos, 116 D.P.R. 258 (1985); Concepción v. Concepción, 105 D.P.R. 929 (1977); García Santiago v. Acosta, 104 D.P.R. 321 (1975). Al determinar la custodia de menores, los tribunales “deben guiarse principalmente por el bienestar y los mejores intereses del menor,” ya que éstos constituyen la piedra angular de la política pública. Marrero Reyes v. García Ramírez, 105 D.P.R. 90, 104 (1976).
A la luz de este trasfondo, procedamos a resolver la controversia de autos. Debe tenerse presente, sin embargo, que al ejercer nuestra función revisora en situaciones como la que nos ocupa, este Tribunal debe limitarse a resolver si el tribunal a quo abusó de su discreción al ordenar la producción de los expedientes médicos de la peticionaria.
En el caso de autos, el recurrido está solicitando la custodia del menor habido en la relación que sostuviera con la peticionaria. En dicha petición, conforme reseñado, se alegó que “ésta [la peticionaria] es una persona agresiva y que actualmente tiene problemas de alcohol”. Por otro lado, la peticionaria ha aceptado que ha sido hospitalizada varias veces en la institución. Lo anterior motivó que se solicitara el expediente médico de la peticionaria que obra en la institución.
Un examen de las alegaciones y de la totalidad de los documentos que obran en el expediente revela que una de las controversias a ser atendidas es el estado de salud mental de la peticionaria. Por su parte, la información solicitada está íntimamente relacionada con la alegación del estado de salud mental de la peticionaria. Lo anterior, conforme señala el recurrido, es la razón que lo motivó a solicitar la custodia del menor.
Las alegaciones de la peticionaria tratan de restarle importancia a la materialidad y relevancia del expediente médico en controversia, expresando que su privilegio debe ser reconocido por encima de tales consideraciones. Sin embargo, debemos expresar que, contrario a lo que argumenta la peticionaria, no podemos atribuirle a su alegado privilegio un alcance mayor al que realmente tiene. Entendemos, sin embargo, que en un pleito de custodia, cuyo norte es el mejor bienestar del menor, y donde se hacen alegaciones sobre el estado de salud mental de una de las partes, el privilegio médico-paciente pierde preeminencia.
Por otro lado, la Regla 23.2 de las de Procedimiento Civil, supra, provee para la emisión de órdenes protectoras por el tribunal, requerida en justicia “para proteger a dicha parte o persona [la que es objeto de descubrimiento] de hostigamiento, perturbación u presión, así como de cualquier gasto o molestia indebido”. Rodríguez v. Scotiabank de P.R., supra. La orden del tribunal podrá decretar, por justa causa, entre otras medidas, que el descubrimiento se realice de conformidad con los términos y condiciones que se dispongan, incluyendo la designación de fecha y sitio.
Lo anterior revela que hay tres (3) cuestiones a examinar: si la información solicitada es pertinente; si es de carácter privilegiado, y sí procede dictar en estas circunstancias una orden protectora.
Nuestra decisión en el caso de autos a los efectos de que la información solicitada deberá ser suministrada no significa que pueda ser objeto de descubrimiento indiscriminado. El derecho a la intimidad que nuestra Constitución reconoce, exige que se proteja a la peticionaria. A tales efectos, la información suministrada por el First Hospital Panamericano será utilizada estrictamente para el pleito de custodia existente entre las partes. Asimismo, el Tribunal de Primera Instancia podrá establecer aquellas otras medidas que estime pertinente a fin de *704 proteger el derecho de intimidad de la peticionaria.
V
Por las razones antes esbozadas, se expide el auto solicitado y se confirma la Orden recurrida. Se ordena la continuación de los procedimientos del caso de autos en el Tribunal de Primera Instancia.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General