*669 TEXTO COMPLETO DE LA SENTENCIA
I
Lynert, Inc., h/n/c: De Diego Rental (en adelante Lynert) presentó una reclamación en cobro de dinero contra DJ Enterprises & General Contractor, (en adelante DJ) y José J. Laureano Valentín el 13 de julio de 2004. Se alega en la demanda que DJ y el señor Laureano adeudan la suma de $10,231.78, cantidad que está vencida y es líquida y exigible. La deuda reclamada es por concepto de renta de equipo comercial y construcción.
El señor Laureano fue emplazado el 30 de septiembre de 2004. Lynert solicitó la anotación de rebeldía contra DJ y el señor Laureano mediante moción de 14 de enero de 2005, puesto que éstos no habían respondido a la reclamación judicial.
El Tribunal de Primera Instancia, Sala de Manatí (en adelante T.P.I.), anotó la rebeldía mediante resolución de 20 de enero de 2005 y pautó el juicio para el siguiente 23 de febrero. Conforme se desprende de la minuta, se llevó a cabo un juicio en rebeldía, pues los demandados no comparecieron. Lynert presentó el testimonio del señor Justo Roque Rivera quien declaró en apoyo de la reclamación en cobro de dinero. Luego de escuchar la prueba, el Tribunal declaró ha lugar la reclamación en cobro de dinero.
Finalmente se dictó sentencia el 24 de agosto de 2005 mediante la cual se ordenó a los demandados DJ y el señor Laureano a "satisfacer solidariamente a los demandantes la cantidad de $10,231.78 más los intereses legales aplicables" y concedió, por concepto de honorarios, la suma de $2,500. La sentencia fue notificada el 31 de agosto de 2005.
El señor Laureano presentó una moción que tituló Solicitud de Reconsideración y Para que se Deje sin Efecto la Anotación de Rebeldía y la Sentencia Dictada Contra José Juan Laureano Valentín, fechada el 19 de septiembre de 2005. La escueta moción del señor Laureano planteó que el T.P.I., en su sentencia, adjudicó la responsabilidad solidaria entre DJ y el señor Laureano a pesar de que DJ es una entidad jurídica distinta al señor Laureano, de la cual éste alega ser un accionista. Sostiene el señor Laureano que no tiene vínculos con Lynert, nunca solicitó crédito ni tomó equipo en arrendamiento ni garantizó deuda alguna.
El T.P.I. dictó una resolución mediante la cual pautó una audiencia para discutir la moción el 16 de noviembre de 2005 y advirtió a las partes que se reservaba su determinación en cuanto a la solicitud de reconsideración. Celebrada la audiencia, el T.P.I. consideró tardía la comparecencia de la parte, puesto que la sentencia se había notificado el 31 de agosto de 2005 y se declaró sin jurisdicción en corte abierta. Además, el T.P.I. declaró no ha lugar a la moción de reconsideración y otras mociones pendientes.
*670 El señor Laureano no acudió en alzada contra la sentencia ni contra la resolución que declaró no ha lugar a la moción de reconsideración.
Nuevamente, el señor Laureano acudió ante el T.P.I. y presentó una moción que tituló "Solicitud de Orden" mediante la cual requirió al Tribunal que ordenara a Lynert entregar cualquier solicitud de crédito que obrara en sus expedientes con el alegado propósito de que se dejara sin efecto la sentencia recaída. La moción de solicitud de orden fue presentada el 5 de diciembre de 2005.
El T.P.I. dictó una resolución el 8 de diciembre de 2005 mediante la cual consideró como una solicitud de relevo de sentencia bajo la Regla 49.2 la moción y concedió a Lynert un término para expresarse. Lynert remitió al Tribunal la titulada solicitud de crédito. El señor Laureano solicitó un término para expresarse y el T.P.I., luego de examinar las mociones y el documento titulado Solicitud de Crédito, dictó una resolución mediante la cual resolvió declarar no ha lugar a la solicitud de orden y sostuvo su sentencia notificada el 31 de agosto de 2005. La resolución fue notificada el 16 de marzo de 2006.
Contra tal determinación, el señor Laureano no acudió en alzada y prefirió, en vez, reproducir otra moción ante el T.P.I. que tituló’ "Otra Moción Sobre Fundamentos Adicionales". En el contenido de la moción hizo unas expresiones generales sobre la necesidad de probar alegaciones en un pleito, la implicación de la responsabilidad solidaria y reiteró su solicitud para que se dejara sin efecto la sentencia dictada. El señor Laureano presentó otra moción de reconsideración y reiteró su señalamiento, adjudicado previamente en la sentencia, ep tomo a que no responde por las deudas de DJ y de forma general afirma que la sentencia obtenida por Lynert fue producto de un "fraude cometido contra el Tribunal".
El T.P.I. dictó una resolución en la cual alude a las mociones presentadas por las partes luego de dictada la sentencia, se reafirmó en la sentencia dictada el 31 de agosto de 2005 y reiteró la determinación de no ha lugar a la solicitud de relevo de sentencia. La resolución fue suscrita el 5 de abril de 2006 y notificada a las partes el siguiente-día 10. .
Inconforme con la determinación, el señor Laureano presentó una petición de certiorari en la cual sostuvo que erró el T.P.I. al declarar no ha lugar a la solicitud de relevo de sentencia. Ha comparecido Lynert en oposición. Luego de considerar la posición de ambas partes, procedemos a resolver.
II
Examinemos lás normas procesales aplicables al caso que nos ocupa.
A. El Relevo de Sentencia
La Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, en su parte pertinente, lo siguiente:

“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) error, inadvertencia, sorpresa, o negligencia excusable;

(2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

*671
(4) nulidad de la sentencia;

(5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor;

(6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. ”

La Regla 49.2, supra, otorga a los tribunales la importante facultad de dejar sin efecto una sentencia por causa justificada. Este remedio descansa en la propia razón de ser de los foros judiciales: hacer justicia. Piazza v. Isla del Río, Inc., 158 D.P.R. _, 2003 J.T.S. 10, pág. 446. Sin embargo, aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, pues a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. Piazza v. Isla del Río, Inc., supra, pág. 446. Como ha señalado nuestro más alto foro, le corresponde a los tribunales establecer un balance adecuado entre esos dos intereses. Fine Art Wallpaper v. Wolff, 102 D.P.R. 451, 457-458 (1974).
La citada Regla 49.2 provee un mecanismo para que una parte pueda solicitar el relevo de una sentencia en su contra. Se desprende claramente del texto de la referida regla que la moción de relevo de sentencia tiene que ser presentada dentro del térmiüo.dé seis meses. Nuestro Tribunal Supremo ha expresado que este término es de naturaleza fatal en su.acción extintiva del derecho, por lo que, transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. Bco. Santander P.R. v Fajardo Farms Corp., 141 D.P.R. 237, 243 (1996); Sánchez Ramos v. Troche Toro, 111 D.P.R. 155, 157 (1981); Municipio de Coamo v. Tribunal Superior, 99 D.P.R. 932, 937 (1971).
El plazo extintivo .de seis, meses-dispuesto en la Regla 49.2, supra, no aplica cuando el fundamento de la petición de relevo lo es. que., no se adquirió jurisdicción sobre la persona, o cuando se deja sin efecto una sentencia nula u, obtenida mediante fraude. Bco. Santander P. R. v. Fajardo Farms, Corp., supra, pág. 244. Una sentencia es nula cuando sé há'dictádo sin jurisdicción sobre la materia o las partes, o en alguna forma infringe el debido proceso de ley. E.L.A. v. Tribunal Superior, 86 D.P.R. 692, 697 (1962).
B. La Sentencia en Rebeldía
En los procesos ordinarios, la figura de la rebeldía está regulada por la Regla 45 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. En lo concerniente, dicha regla establece que:
"El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2(b)(3). Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)". 32 L.P.R.A. Ap. III, R. 45.1.
A su vez, la Regla 45.2(b), 32 LRPA, Ap. III, señala que:

"[S]i para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas...".

La rebeldía ha sido definida como "la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse". R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, Ed. Michie of P.R., 1997, pág. 215.
*672 El Tribunal Supremo ha establecido que la consecuencia jurídica de la anotación en rebeldía es que se admitan como ciertos todos y cada uno de los hechos correctamente alegados. Álamo v. Supermercados Grande, Inc., 2002 J.T.S. 124, 158 D.P.R. _ (2002); González v. Rodríguez Estrada I, 124 D.P.R. 749, 764 (1989), Colón v. Ramos, 116 D.P.R. 258, 260 (1985).
De conformidad con la Regla 45.2(b) de Procedimiento Civil, supra, y en relación con el descargo de los tribunales de su función adjudicativa en un pleito en rebeldía, el Tribunal Supremo ha expresado que, "el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba". Álamo v. Supermercados Grande, Inc., supra; Hernández v. Espinosa, 145 D.P.R. 248, 272 (1998). Esto es, si un tribunal necesita, para poder dictar sentencia en rebeldía, comprobar la veracidad de cualquier alegación, o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas. Vélez v. Boy Scouts of America, 145 D.P.R. 528, 532 (1998); Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 577 (1997); Rivera v. Insular Wire Products Corp., 140 D.P.R. 913, 931 (1996).
El ordenamiento procesal civil le reconoce al litigante en rebeldía, que ha comparecido previamente, el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. Master Concrete Corp. v. Fraya, S.E., 152 D.P.R. 616, 634 n. 12 (2000); Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 816-817 (1978); Rivera v. Goytía, 70 D.P.R. 30, 33 (1949).
En estos casos, la prueba se limitará a fijar el importe de la cuenta o el importe de los daños sin necesidad de entrar en consideraciones relativas a la responsabilidad, ya que el efecto de la rebeldía es que todas las alegaciones o aseveraciones bien hechas se tienen por admitidas. Regla 45.1 de las de Procedimiento Civil, supra; Hernández Colón, op. cit., a la pág. 217. Se tienen por admitidos únicamente los hechos correctamente alegados y no así las alegaciones meramente concluyentes ni las conclusiones de derecho. León García v. Rest. El Tropical, 154 D.P.R. 249, 262 (2001); Continental Ins. Co. v. Isleta Marina, supra, pág. 815.
III
El recurso ante nuestra consideración carece de méritos. El señor Laureano fue notificado debidamente con la reclamación judicial en su contra por el cobro de dinero en la que se le imputaba responsabilidad solidaria con DJ Enterprises. En vez de comparecer al Tribunal, formular su contestación a la demanda y las defensas que estimare convenientes, se cruzó de brazos. Tal era el momento para alegar que la responsabilidad solidaria no procedía.
Cuatro meses más tarde, Lynert presentó la solicitud de anotación de rebeldía contra DJ y el señor Laureano y el Tribunal la concedió. Celebrado el juicio en rebeldía, declaró el Ejecutivo de Cuentas de Lynert y el Tribunal declaró ha lugar la reclamación de cobro de dinero e impuso la responsabilidad.
Las alegaciones del señor Laureano de ninguna forma han intentado cuestionar ni explicar porqué razón nunca compareció al Tribunal a oponer sus defensas y a negar los hechos que estimó eran incorrectos. Por el contrario, lo que pretende el señor Laureano es que se deje sin efecto una sentencia que advino final y firme para presentar las defensas y alegaciones que tuvo disponibles desde el primer momento. Nuestro sistema judicial está amparado en la certeza que se logra a través de la sentencia luego de dar una debida notificación y oportunidad a las partes de comparecer al Tribunal en defensa de sus derechos. Cuando una parte se cruza de brazos, su comportamiento tiene consecuencias.
Por excepción, cuando se justifica adecuadamente, la Regla 49.2, supra, permite el relevo de sentencia.
Del contenido de todas las mociones presentadas por el señor Laureano surgen alegaciones generales que imputan que la sentencia fue producto de un fraude y la afirmación de que no hubo prueba sobre la solidaridad. *673 Ambas alegaciones pudieron ser invocadas con la presencia de la parte en el Tribunal. La alegación de fraude se fundamenta en una interpretación de un documento que fue firmado por el señor Laureano y que el T.P.I., en una resolución posterior a la sentencia, interpretó como una solicitud de crédito.
El trámite del caso evidencia la repetida dejadez del señor Laureano en la atención de sus asuntos judiciales. El señor Laureano fue notificado con copia de la demanda y no compareció a contestar ni formular defensas. Varios meses después se le anotó la rebeldía. Tampoco compareció al Tribunal el día pautado para el juicio. El T.P.I. declaró, el 16 de noviembre de 2005, no ha lugar a la moción de reconsideración en corte abierta y en presencia de su abogado por considerarla tardía. Se notificó la minuta a las partes y el señor Laureano no acudió en alzada.
A instancias de nuevas mociones presentadas por el señor Laureano, el T.P.I. dictó una nueva resolución mediante la cual declaró no ha lugar a lo solicitado y reafirmó su sentencia de 31 de agosto de 2005. Una vez más el señor Laureano no acudió en alzada. En vez, optó por radicar mociones en instancia.
La Regla 49.2, supra, es un mecanismo procesal post-sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. Sin embargo, no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada. Imp. Vilca, Inc. v. Hogares Crea, Inc., 118 D.P.R. 679 (1987); Ortiz Serrano v. Ortiz Díaz, 106 D.P.R 445, 449 (1978).
La moción de relevo de sentencia no puede ser utilizada como un mecanismo para corregir errores de derecho ni como remedio sustituto para la solicitud de una reconsideración o para los recursos de apelación o revisión provistos por ley. Romero Santiago v. F.S.E., 125 D.P.R. 596, 601 (1990); Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989); González v. Chávez, 103 D.P.R. 474 (1975). En otras palabras, no puede ser utilizada para levantar cuestiones sustantivas que procedían ser levantadas antes de la sentencia como defensas afirmativas, o después de la sentencia en un recurso de revisión. Figueroa v. Banco de San Juan, 108 D.P.R. 680, 687-688 (1979; Rodríguez v. Tribunal Superior, 102 D.P.R. 290, 298 (1974).
De otra parte, el Dr. José A. Cuevas Segarra nos señala en su Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., 2000, Tomo II, a la pág. 793, las instancias en las que los tribunales han determinado que ciertas acciones no constituyen fraude al tribunal por extrañas que puedan parecer. El que una parte le mienta al tribunal al testificar en un pleito no constituye fraude, ni las alegaciones falsas incluidas en una demanda. Tampoco, una contestación perjura en un interrogatorio o en una deposición constituye fraude al tribunal. El Dr. Cuevas Segarra nos explica que "[a]sí debe ser. Porque resolver de otro modo respecto a testimonio perjuro sería abrir las puertas impermisiblemente con una avalancha de mociones de relevo, pues siempre en un proceso adversativo existe la posibilidad de un testimonio perjuro o inexacto ".
Las sentencias dictadas por un tribunal de justicia tienen a su favor una presunción de validez y corrección. Cortés Piñeiro v. Sucn. A. Cortés, 83 D.P.R. 685, 690 (1961).
La nulidad de sentencia basada en fraude al tribunal incluye actuaciones cuyo efecto o intención sea mancillar al tribunal como tal, o que es perpetuado por oficiales del tribunal, de tal forma que la maquinaria judicial no pueda ejercer su imparcial labor de juzgar los casos que se le presentan para adjudicación. Municipio de Coamo v. Tribunal Superior, supra, págs. 939-940. Las alegaciones falsas que se hayan incluido en una demanda, per se, no constituyen fundamentos para concluir que hubo fraude al tribunal. Rodríguez v. Tribunal Superior, 102 D.P.R. 290, 292 (1974).
Una acción sobre fraude al tribunal tiene que exponer detalladamente las circunstancias que constituyen el mismo. El sólo hecho de alegar que hubo fraude no constituye una de las circunstancias que a tenor con la Regla 49.2 permiten el relevo de una sentencia. Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 818-819 *674 (1986). El fraude nunca se presume. Esto significa que debe ser probado por la parte promovente con certeza razonable. González v. Quintana, 145 D.P.R. 463, 471 (1998); De Jesús Díaz v. Carrero, 112 D.P.R. 631, 636-638 (1982); García López v. Méndez García, 102 D.P.R. 383, 386 (1974); Carrasquillo v. Lippitt & Simonpietri, Inc., 98 D.P.R. 659, 662 (1970).
El fraude a que se refiere la Regla 49.2, supra, requiere que los hechos no sean susceptibles de ser descubiertos antes de juicio ejercitando las debidas diligencias. R. Hernández Colón, supra, pág. 305.
La parte no ha presentado elemento alguno que justifique un relevo de sentencia por motivos de fraude al Tribunal. Lo que evidencia el expediente es la inacción y falta de diligencia por parte del señor Laureano. Procede, pues, la confirmación de la denegatoria de relevo de sentencia.
IV
Por todo lo antes expuesto, se expide el auto de certiorari y se confirma la resolución dictada.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones