# 2008 DTA 1

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL III**

MIGDALIA VIRGINIA REYES ROMERO
Demandante-Recurrida

v.

HÉCTOR ROSARIO COLÓN, MARIANNE LÓPEZ REYES
Codemandados-Peticionarios

DEPARTAMENTO DE LA FAMILIA
Demandados

Núm. KLCE-2007-01307

San Juan, Puerto Rico, a 16 de noviembre de 2007

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
y los Jueces Aponte Hernández y Morales Rodríguez

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria, señora Marianne López Reyes, nos solicita que revoquemos las ordenes dictadas el 6 de agosto de 2007 por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante las mismas, dicho foro: (1) declaró no ha lugar la solicitud para deponer a la psicóloga de la recurrida mediante cinta videomagnetofónica, (2) declaró no ha lugar la solicitud para hacer una evaluación psicológica a la recurrida, y (3) señaló que la custodia de la menor sería atendida oportunamente.

Por los fundamentos que expondremos, se expide el auto de *Certiorari* y se revocan las órdenes recurridas.

### I

La peticionaria, señora Marianne Nissi López Reyes, y el señor Héctor Iván Rosario Colón, son los padres de la menor Ivanis Esther Rosario López quien actualmente tiene 5 años de edad. Surge de las alegaciones que desde principios del 2002 la menor ha estado bajo la custodia *de facto* de la recurrida, señora Migdalia Reyes Romero, quien es su tía-abuela. El 26 de julio de 2006, la recurrida solicitó una orden de protección en contra de los padres de la menor, al amparo de la Ley Núm. 177 de 3 de agosto de 2003 conocida como Ley Para el Bienestar y la Protección Integral de la Niñez. Alegó abuso sexual hacia la menor. A tenor de ello, el TPI emitió las correspondientes órdenes de protección en contra de los padres, le otorgó la custodia provisional de la menor a la recurrida y citó vista para el 3 de agosto de 2006. Llegado el día de vista, el Departamento de la Familia alegó que la menor estaba siendo manipulada por la recurrida. Ante dicha alegación, el TPI ordenó que se tomaran las precauciones necesarias para mantener la pureza de la investigación. No obstante, mantuvo a la

menor bajo la custodia de la recurrida y, además, ordenó se establecieran relaciones paterno y materno-filiales bajo la supervisión del Departamento de la Familia.

El 30 de agosto de 2006, la recurrida, acompañada por su hermana y abuela materna de la menor, señora Amarilys Reyes Romero, llevaron a la menor al Departamento de la Familia para que se diera la primera visita de las relaciones paterno y materno filiales ordenadas por el TPI. Una vez allí, la supervisora, señora Elizabeth Sánchez, le quitó la menor a la recurrida y se la entregó a la señora Gloribel Reyes, también tía abuela de la menor.

Así las cosas, el 1 de noviembre de 2006 la recurrida interpuso demanda de custodia y privación de patria potestad, y solicitud para obligar al Departamento de la Familia a radicar cargos criminales contra los padres de la menor. Llegado el día señalado por el TPI para atender dicho reclamo la peticionaria no contaba con representación legal, por lo que no se pudo celebrar la vista. Sin embargo, el TPI emitió resolución en la cual otorgó la custodia provisional de la menor a la recurrida, y fijó relaciones paterno y materno-filiales bajo supervisión del Departamento de la Familia. ■

El 5 de junio de 2007, la peticionaria anunció como perito a la psicóloga Dra. Carol Romey y le solicitó al TPI que le permitiera a dicha perito evaluar a la menor. La recurrida se opuso, pero el tribunal autorizó la evaluación. Más adelante, la peticionaria solicitó autorización para hacerle una evaluación sicológica a la recurrida y para tomarle deposición mediante cinta videomagnetofónica a la perito de ésta, la Dra. Iris Escudero. El TPI autorizó la evaluación a la menor, pero no autorizó la evaluación a la recurrida, ni autorizó la deposición a la Dra. Escudero. ■

El 17 de agosto de 2007, la peticionaria presentó *Moción de Reconsideración, Solicitud de Custodia y Ordenes*. Dicha moción abordó cuatro asuntos: (1) solicitó al TPI que reconsiderara la denegatoria a la solicitud de evaluación sicológica a la recurrida; (2) que reconsiderara la denegatoria a la solicitud de toma de deposición mediante cinta videomagnetofónica a la Dra. Iris Escudero; además, (3) solicitó que se ampliara el proceso, para que se determinara la custodia legal permanente de la menor y la misma le fuera adjudicada a ella; y (4) que ordenara a la Dra. Escudero que le entregara el expediente clínico que obraba en su poder, de cuando la doctora fue sicoterapista de la peticionaria.

Mediante orden emitida el 27 de agosto de 2007, el TPI dispuso:

*"(1) No ha lugar a la reconsideración.*

*(2) La custodia se atenderá atendiendo [sic] el mejor bienestar de la menor y ya hay vista señalada."*

Inconforme, oportunamente, la Sra. López Reyes acudió ante nos y señaló que:

*"Erró el TPI al denegar la toma de deposición en cinta videomagnetofónica a la perito de la parte demandante, la Dra. Iris Escudero.*

*Erró el TPI al no permitir a la Dra. Carol Romey evaluar psicológicamente a la parte demandante.*

*Erró el TPI al no disponer sobre la adjudicación de la custodia legal permanente de la menor IERL.*

*Erró el TPI al no emitir una orden contra la Dra. Iris Escudero para que entregue el expediente clínico de la codemandada correspondiente al período en que ésta fue su paciente."*

Al día siguiente, la peticionaria nos solicitó la paralización de los procedimientos en auxilio de jurisdicción.

Mediante resolución emitida el 7 de septiembre de 2007 ordenamos a la peticionaria que notificara la solicitud de paralización según dispone la Regla 79(E) del Reglamento del Tribunal de Apelaciones, y concedimos término a la recurrida para que fijara su posición en cuanto a ambos escritos. La peticionaria acreditó el cumplimiento con lo ordenado. La recurrida dejó pasar los términos concedidos y aún no ha fijado su posición. El 29 de octubre de 2007 ordenamos la paralización de los procedimientos ante el TPI. Pasamos a resolver la solicitud de *certiorari*.

## II

### A

El Artículo 48 de la Ley Núm. 177 de 1 de agosto de 2003, conocida como la *Ley para el Bienestar y la Protección Integral de la Niñez*, dispone que:

*"Durante cualquier etapa de los procedimientos, el tribunal podrá ordenar que se examine el estado físico, mental o emocional conforme la Regla 32 de las de Procedimiento Civil de Puerto Rico, de un menor, padre, madre o persona responsable del menor que tenga su custodia al momento del alegado maltrato, maltrato institucional, negligencia y/o negligencia institucional, así como cualquier parte en la acción o persona que solicite la custodia o cuidado de un menor."*

8 L.P.R.A. sec. 4479.

Como se sabe, el examen físico y mental es un mecanismo útil de descubrimiento de prueba que está reconocido en el ordenamiento procesal civil puertorriqueño. Los tribunales tienen la facultad inherente y discrecional para ordenar dicho examen cuando la condición física o mental de una parte esté en controversia. La Regla 32.1 de Procedimiento Civil dispone que el tribunal podrá dictar la orden solamente mediante moción a la parte que hubiese de ser examinada, con previa notificación a todas las demás partes y en ella se especificará la fecha, la hora, el lugar, el modo, las condiciones y el alcance del examen, así como el médico que habrá de realizarlo.

En específico, dicha regla expresa:

*"En un pleito en el cual el estado mental o físico de una parte, incluyendo el grupo sanguíneo de ésta o su estructura genética, estuviere en controversia, la sala ante la cual esté pendiente el pleito podrá ordenar a dicha parte que se someta a un examen físico o mental por un médico. Se podrá dictar la orden solamente mediante moción, previa notificación a la parte que hubiere de ser examinada y a todas las demás partes, y en ella se especificarán la fecha, hora, lugar, modo, condiciones y alcance del examen y el médico o médicos que habrán de hacerlo."*

32 L.P.R.A. Ap. III, R. 32.1.

Como puede observarse, la Regla 32.1, *supra*, establece dos condiciones o límites substantivos para que el tribunal de instancia pueda ordenar un examen físico o mental que haya sido debidamente solicitado: (a) el examen debe referirse a una parte del pleito, y (b) tiene que estar en controversia el estado físico o mental de esa parte. La parte a que se refiere dicha regla no tiene que ser una parte adversa al promovente del examen, pero tiene que ser una persona que participa en la acción litigiosa como parte de ésta. Además, para que el examen pueda ordenarse, el promovente debe demostrarle al tribunal que existe una controversia legítima sobre el estado físico o mental de la persona cuyo examen se solicita. Las meras alegaciones no bastan; deben ofrecerse datos y razonamientos que le permitan al foro *a quo* decidir que en efecto el examen debe ordenarse porque existe una disputa real sobre la condición física o mental de dicha parte. De otro modo se crea el riesgo de que el mecanismo del examen físico o mental se convierta en un medio para el promovente hostigar a la parte en

cuestión. *Schlagenhauf v. Holder*, 379 U.S. 104, 115 (1964). Págs. 118-119.

En síntesis, la facultad de los tribunales para ordenar un examen físico o mental no puede ser ejercida livianamente. Se trata de una facultad discrecional que debe ejercerse sólo después de sopesar los efectos adversos que pueda tener la intromisión personal que representa dicho examen. *Otero v. Delbrey*, 144 D.P.R. 688 (1998), págs. 700-701.

## B

De otra parte, nuestro ordenamiento procesal civil contempla que, en materia de descubrimiento de prueba, toda parte en una litigación tiene derecho a obtener antes del juicio toda la información que esté en posesión de cualquier persona y que resulte pertinente a la adjudicación de la controversia. Es a través del descubrimiento de prueba, como preludio al juicio, en el cual se comienza a indagar sobre los méritos de un caso. Se persigue, por tanto, que no se convierta la justicia en un juego, ni un deporte, sino una empresa formal a ser conducida seriamente. *E.L.A. v. Casta Dev., S.E. y otros*, res. el 25 de mayo de 2004, **2004 J.T.S. 82**, citando a Cuevas Segarra, José, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, Vol. I, San Juan, **Publicaciones J.T.S.**, 2000, pág. 468.

El descubrimiento de prueba es gobernado por las Reglas de Procedimiento Civil 23.1 a la 34.9, 32 L.P.R. A. Ap. III. La postura adoptada por nuestro ordenamiento en el campo de lo civil es permitir un descubrimiento de prueba amplio y liberal, de forma que las partes puedan precisar con exactitud los hechos en controversia. Esta postura responde a que en la demanda sólo se requiere una notificación a grandes rasgos de cuáles son las reclamaciones y defensas de las partes. *Alvarado v. Alemany*, 157 D.P.R. 672 (2002); *Alfonso Brú v. Trane Export, Inc.*, 155 D.P.R. 158 (2001); *Rivera y otros v. Bco. Popular*, 152 D.P.R. 140 (2000); véase, además; José Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Vol. I, San Juan, **Publicaciones J.T.S.**, 2000, pág. 468.

La Regla 23.1(a) de las de Procedimiento Civil establece, en lo pertinente, que:

*"Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."*

32 L.P.R.A. Ap. III, R. 23.1(a).

De lo anterior se desprende que sólo hay dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, conforme los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. *Alvarado v. Alemany, supra; Vicenti Damiani v. Saldaña Acha*, 157 D.P.R. 37 (2002); *García Rivera et al v. Enríquez*, 153 D.P.R. 323 (2001); *Alfonso Brú v. Trane Export, Inc., supra; Medina v. M.S. & D. Química P.R., Inc.*, 135 D.P.R. 716, 730-731 (1994).

El primero de estos requisitos incorpora más bien los privilegios reconocidos por las reglas de evidencia. Véanse, *Pres. del Senado*, 148 D.P.R. 737 (1999); Véanse, además, *García Rivera et al v. Enríquez, supra; Rodríguez v. Scotiabank de P.R.*, 113 D.P.R. 210, 214 (1982); 32 L.P.R.A. Ap. IV, R. 25-32. El término *"privilegiado"*, según utilizado tanto en las Reglas de Procedimiento Civil, *supra*, como en las Reglas de Evidencia, *supra*, se refiere exclusivamente a aquellos privilegios reconócidos en las Reglas 23-32 del antedicho cuerpo. Véase *Rivera Alejandro v. Algarín*, 112 D.P.R. 830 (1982). Estos deberán ser interpretados

restrictivamente con relación a cualquier determinación sobre la existencia del mismo, de tal manera que se evite su extensión indebida. *Rodríguez v. Scotiabank supra; García Negrón v. Tribunal*, 104 D.P.R. 727 (1976).

En cuanto al criterio para determinar la pertinencia, éste es más amplio que el que rige en el ámbito probatorio, siendo suficiente la posibilidad racional de relación con el asunto en controversia. *Pres. del Senado, supra; Rivera y otros v. Bco. Popular, supra; Ortiz Rivera v. E.L.A., National Ins. Co.*, 125 D.P.R. 65, 70 (1989); *General Electric v. Concessionaries, Inc.*, 118 D.P.R. 32, 40 (1986). Bajo este criterio se admite el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones. *Sierra v. Tribunal Superior*, 81 D.P.R. 554, 560 (1959). Basta que exista una posibilidad razonable de relación con el asunto en controversia. Véase, *Medina v. M.S. & D. Química P.R., Inc., supra.*

En el caso de *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986), el Tribunal Supremo de Puerto Rico resumió la razón de ser del descubrimiento de prueba y su carácter amplio y liberal al hacer las siguientes expresiones:

*"[el] descubrimiento de prueba es la médula del esfuerzo de destruir de una vez y por todas la deportiva teoría de justicia que tanto mina la fe del pueblo en el sistema judicial... Un sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. Bien utilizado el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio."*

En resumen, las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar las cuestiones en controversia actuando como un mecanismo auxiliar a las alegaciones conforme a la política procesal de las reglas respecto de las alegaciones a las cuales vienen llamadas meramente a ofrecer una notificación general de los hechos esenciales a la reclamación o defensa; (2) facilitar a la parte la consecución de evidencia; (3) evitar sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, piedra de toque de la justicia, y (5) perpetuar prueba. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 4ª ed., Lexis Nexis de Puerto Rico, pág 254-255 (2007).

Las Reglas de Procedimiento Civil, en general, dejan en manos de los abogados el trámite de descubrimiento de prueba, para fomentar una mayor flexibilidad y minimizar la intervención del tribunal en esta etapa. *Vicenti Damiani v. Saldaña Acha, supra; Rivera y otros v. Bco. Popular, supra.* Ello no implica que el Tribunal no deba intervenir en casos apropiados para evitar abuso en el proceso y para reglamentar el trámite ordenado del caso. *Alfonso Brú v. Trane Export, Inc., supra; Chévere v. Levis Goldstein*, 150 D.P.R. 525 (2000); *Lluch v. España Service Sta.*, 117 D.P.R. 729, 743-744 (1986).

Los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera y otros v. Bco. Popular, supra; Medina v. Merk Sharp & Dohme*, 135 D.P.R. 716, 730-731 (1994).

En armonía con lo anterior, la Regla 27.4 de Procedimiento Civil dispone que:

*"A solicitud de parte, **el tribunal podrá ordenar** que una deposición sea tomada o grabada por cualquier otro medio diferente al de la estenografía, taquigrafía o cualquier otro medio similar. En tal caso, **la orden del tribunal dispondrá** la manera en que habrá de tomarse o grabarse la deposición, así como la custodia y disposición de la misma y proveerá para que dicho testimonio sea grabado y preservado en forma correcta y confiable. Si el tribunal dicta una orden para permitir la toma de deposición por medios diferentes a los estenográficos, taquigráficos o medios similares, cualquier parte podrá, a su costo, tomar y transcribir dicha*

*deposición mediante estenografía, taquigrafía o cualquier otro medio similar."* (Énfasis suplido)

32 L.P.R.A. Ap. III, R. 27.4.

Es decir, los tribunales pueden aprovechar nuevas tecnologías para agilizar los trámites ante los foros judiciales siempre y cuando con ello no violen los derechos de las partes. A esos fines, el Tribunal Supremo adoptó las Reglas para la Grabación y Duplicación en Cinta Videomagnetónica en los Tribunales, 4 L.P.R.A. Ap. XIX. En lo pertinente, la Regla 1.2 de este cuerpo, específicamente dispone que el equipo de grabación en cinta magnetofónica podrá ser utilizado para tomar deposiciones según provean las Reglas de Procedimiento Civil, a los fines de perpetuar la declaración de un testigo que no puede estar disponible el día de la vista; para sustituir las inspecciones oculares y para la presentación de evidencia en general, sin limitar la discreción del tribunal para ordenar aquellos otros usos que estime necesarios. La Regla 4 del mismo cuerpo también dispone que la toma de deposiciones en casos civiles, según dispone la Regla 27.4 de Procedimiento Civil, *supra*, se realizará de la siguiente forma:

*"Se **radicará una solicitud** en el tribunal en la cual se expondrá la razón para la toma de dicha deposición, el sitio y lugar donde se pretende tomar.*

*El **tribunal emitirá una orden** en que dispondrá sobre el sitio a tomarse la deposición, la custodia y la disposición de la cinta una vez tomada. En el día y lugar señalado se comenzará la grabación identificando el caso, las partes, los abogados presentes, el día, la hora y el sitio en el cual se está tomando dicha deposición.*

*El deponente será juramentado y sentado al lado de un reloj que en todo momento permanecerá a la vista de la cámara mientras dure la deposición.*

*Una vez terminada la deposición, se hará una exposición final sobre su terminación y la hora."* (Énfasis nuestro)

### III

En el primer planteamiento que nos hace la Sra. López Reyes, ésta señala que erró el TPI al denegar la toma de deposición en cinta videomagnetofónica a la Dra. Iris Escudero.

Como dejamos establecido anteriormente, el descubrimiento de prueba se caracteriza por ser amplio y abarcador con el fin de lograr la consecución de la verdad. A tono con lo anterior, se propicia el mismo siempre y cuando no se pretenda descubrir materia privilegiada, impertinente, o que sea producto de la labor del abogado. De un análisis de los hechos planteados ante nos no se desprende que el deponer a la perito afecte los procedimientos, sino más bien el hacerlo puede ayudar a que se precisen los asuntos en controversia, se perpetúe evidencia, se facilite la búsqueda de la verdad y se obtenga más información pudiendo así evitar sorpresas en ulteriores procedimientos.

Entendemos que la solicitud de la peticionaria fue hecha dentro de los parámetros establecidos por las reglas y la jurisprudencia. Además, debemos recordar que en litigios que envuelven custodia, privación de patria potestad o relaciones paterno y materno-filiales, se dilucidan derechos de jerarquía constitucional, por lo que los tribunales no pueden actuar livianamente, sino que deben contar con la información más completa y variada posible para resolver correctamente. *Pena v. Pena*, 152 D.P.R. 820 (2000). Además, en este caso, la parte recurrida no ha presentado oposición a la solicitud de la peticionaria. Se cometió el error.

El segundo planteamiento de la peticionaria es que erró el TPI al denegar la solicitud de evaluación del estado de salud mental de la Sra. Reyes Romero quien actualmente tiene la custodia de la menor.

Según alegaciones de la peticionaria, la Sra. Reyes Romero fue incapacitada por la Administración del Seguro Social por sufrir de una condición física y de episodios sicóticos. En adición sostiene que ésta ingiere medicamentos antidepresivos y que ha amenazado de privarse de la vida si le quitan a la menor. Señala que es una persona violenta, agresiva y que manipula a la menor para que haga aseveraciones en contra de sus padres, hablándole mal de ellos. Entre otras cosas arguye además que ésta obstruye las relaciones filiales.

Las alegaciones de la peticionaria son, a nuestro entender, suficientes para alertar al TPI sobre la necesidad de practicar un examen mental o emocional a la recurrida conforme a la Regla 32 de Procedimiento Civil, según dispone el Art. 48 de la Ley Núm. 177, *supra*. No obstante, si el TPI tenía alguna duda pudo, previo a denegar la solicitud del examen, citar vista para esclarecer dichos planteamientos. Obsérvese que se trata de imputaciones de fácil corroboración.

Finalmente, es menester recordar que en los casos sobre custodia, los tribunales tienen el poder inherente, en su función de *parens patriae*, de velar por el mejor bienestar de los menores. *Pena v. Pena*, 152 D.P.R. 820 (2000). Véase, *Torres, Ex parte*, 118 D.P.R. 469 (1987); *Colón v. Ramos*, 116 D.P.R. 258 (1985); *Concepción v. Concepción*, 105 D.P.R. 929 (1977); *García Santiago v. Acosta*, 104 D.P.R. 321 (1975). Al determinar la custodia de menores, los tribunales *"deben guiarse principalmente por el bienestar y los mejores intereses del menor,"* ya que éstos constituyen la piedra angular de la política pública. *Marrero Reyes v. García Ramírez*, 105 D.P.R. 90, 104 (1976). Ello hace necesario que el tribunal cuente con todos los elementos de juicio necesarios para evitar que la solución al problema de custodia, sea peor que el problema mismo. Se cometió el error.

En el tercer planteamiento nos señala la peticionaria que erró el TPI al no adjudicar la custodia legal permanente de la menor. Entendemos que el mismo es un planteamiento prematuro. No ha llegado aún el momento para que el tribunal se exprese y tome su determinación final. Recuérdese que los dos planteamientos anteriores tienen que ver con el descubrimiento de prueba. Es en esa etapa que se encuentra el proceso. Ello queda así corroborado por el TPI al expresar en la orden recurrida que *"[l]a custodia se atenderá atendiendo el mejor bienestar de la menor y ya hay vista señalada."* El error no fue cometido.

Finalmente, en el cuarto planteamiento señala la peticionaria que erró el TPI al no emitir una orden para que la Dra. Iris Escudero le entregue su expediente clínico. Independientemente de los méritos que pueda tener la solicitud de la peticionaria, en la determinación recurrida nada expresa el TPI sobre dicho asunto. Por tanto no contamos con una determinación que podamos revisar. Dicho planteamiento es prematuro porque el TPI aún no se ha expresado sobre la referida solicitud. Por tanto, el error no fue cometido.

## IV

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado y se revocan la orden del TPI que denegó la toma de deposición mediante cinta videomagnetofónica a la perito de la recurrida, y la orden del tribunal que denegó hacer una evaluación sicológica a la recurrida. Se autorizan ambos procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

María Elena Pérez Ortíz
Secretaria del Tribunal de Apelaciones