*1107 TEXTO COMPLETO DE LA SENTENCIA
La parte apelante Luis Francisco Nieves Morillo, María Luisa Ramírez Girona y la Sociedad Legal de Bienes Gananciales compuesta por ambos apelan de la Sentencia emitida por el Tribunal de Primera Instancia, mediante la cual, luego de anotar la rebeldía conforme dispone la Regla 45.1 de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. Ill, R. 45.1, declaró con lugar la demanda y les condenó a pagar la sumas adeudadas, apercibiéndoles que, de no pagar dichas cantidades, se ordenará la ejecución y venta en pública subasta del inmueble hipotecado.
Se opone Doral Bank a la revisión de la sentencia por entender que el apelante no ha refutado la deuda ni ha *1108 demostrado tener una defensa meritoria que justifique un relevo de Sentencia.
Habiendo transcurrido los términos concedidos a Doral para someter su alegato y anunciar la nueva representación legal, el caso quedó sometido para adjudicación.
I
El 31 de marzo de 2004, el Sr. Luis Francisco Nieves Morillo, la Sra. María Luisa Ramírez Girona y la Sociedad Legal de Bienes Gananciales compuesta por ambos (Nieves y Ramírez) y Alturas del Bosque, SE, firmaron un contrato de compraventa para el apartamento 701, ubicado en el Módulo 7 del Edificio 1, Condominio Alturas del Bosque, Barrio Cupey, por el precio acordado de $188,000.00. El mismo día, Nieves y Ramírez suscribieron un pagaré hipotecario a favor de Doral Financial Corporation, o a su orden, para financiar el referido apartamento. La hipoteca fue suscrita por la cantidad de $183,450.00 en concepto de principal, intereses a razón de 5.50% y gastos y honorarios de abogados, todo ello a satisfacerse mediante pagos mensuales de $1,041.61.
Ante el incumplimiento de los pagos del préstamo hipotecario, el 25 de marzo de 2008, Doral procedió a radicar Demanda en Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria; la parte apelante fue debidamente emplazada el 17 de abril de 2008. Transcurrido el término provisto por la Regla 10.1 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. Ill, R. 10.1, el 19 de junio de 2008, el Tribunal de Primera Instancia procedió a anotar la rebeldía y a dictar Sentencia, notificada a las partes el 26 de junio de 2008. Dicha sentencia declaró Con Lugar la Demanda y condena al Nieves y Ramírez a pagar las cantidades adeudadas a Doral Bank; a saber, $174,415.68 en concepto de principal; 5.50% de intereses, los cuales continúan acumulándose hasta el saldo total; $124.98 por cargos por demora; $15.00 por concepto de otros gastos; más costas, gastos y honorarios de abogados. Además, les apercibió que, de no pagar las cantidades dispuestas en la sentencia, se ordenará, previa solicitud de parte, la ejecución y venta en pública subasta del inmueble que garantiza la hipoteca.
El 11 de julio de 2008, Nieves y Ramírez presentaron una Moción de Comparecencia Especial y Solicitud de Relevo de Sentencia en Rebeldía, alegando que tenían defensas meritorias y que procedía el relevo de la sentencia bajo el fundamento de error, inadvertencia, sorpresa o negligencia excusable. No habiéndose expresado el Tribunal de Primera Instancia sobre la referida Moción dentro del término de diez (10) días, el 29 de julio de 2008, y dentro del término prescrito en la ley, Nieves y Ramírez sometieron una apelación ante este Tribunal, de la sentencia dictada. Mediante ésta, nos solicitan que revoquemos la sentencia apelada y se le conceda término para contestar la demanda o, en su defecto, se suspenda la venta judicial del inmueble hasta tanto se agoten los procedimientos administrativos. Sostuvieron que el 11 de julio de 2008 habían presentado ante el Departamento de Asuntos del Consumidor una querella contra Doral, el Sr. Arturo Madero y Alturas del Bosque SE. [1] Expresaron, además, que procede la revocación de la sentencia, toda vez que el Tribunal de Primera Instancia cometió dos errores: (1) dictar sentencia sin cumplir con su deber de decidir los casos y controversias en sus méritos; [prejsumir que era un caso rutinario de cobro de dinero y anotar la rebeldía sin notificación a la parte afectada y no darle oportunidad de presentar evidencia y aquilatar la evidencia presentada; y (2) al rechazar de plano la Moción de Reconsideración y/o Moción de Relevo de Sentencia, sin permitirle al apelante tener su día en corte.
Luego de varios trámites procesales, el 13 de agosto de 2008, y estando el caso ante nuestra consideración, el Tribunal de Primera Instancia procedió a dejar sin efecto la Sentencia en Rebeldía emitida el 19 de junio de 2008. Ante nos, Doral Bank solicitó que ordenásemos dejar sin efecto la referida orden de relevo dictada por el Tribunal de Primera Instancia y a mantener en vigor la sentencia apelada.
II
La Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. II, dispone que procederá la anotación de rebeldía *1109 “[cJuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según [lo dispuesto en dichas reglas]”. Dicho remedio es operativo tanto para situaciones en las cuales el demandado no cumple con el requisito de comparecer a contestar la demanda y/o a defenderse en otra forma prescrita por ley, no presentando alegación alguna contra el remedio solicitado; como en las que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción, Ocasio v. Kelly Servs., 163 D.P.R. 653 (2005); Alamo v. Supermercado Grande, Inc., 158 D.P.R. 93 (2002).
Sobre la primera, sabido es que “[e]t propósito de estar sujeto a esta anotación es como disuasivo contra aquellos que puedan recurrir a la dilación como un elemento de su estrategia en la litigación. ” J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Ed. Luiggi Abraham, Publicaciones JTS, 2000, T. II, pág. 750. Toda vez que el trámite en rebeldía se encuentra cimentado en “la obligación de los tribunales de evitar que la adjudicación de causas se paralicen simplemente por la circunstancia de que una parte opte por detener el proceso de litigación”, Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 815 (1978), el mismo opera como remedio coercitivo contra una parte adversaria la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse, Alamo v. Supermercado Grande, Inc., supra.
Como norma general, el trámite en rebeldía tendrá como consecuencia jurídica el que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda. Continental Ins. Co. v. Isleta Marina, supra; Colón v. Ramos, 116 D.P.R. 258 (1985). De igual forma, el concepto “materias bien alegadas” se refiere a que en una rebeldía se considerarán admitidos los hechos correctamente alegados. Continental Ins. Co. v. Isleta Marina, supra; Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996). Aun en materia de daños y perjuicios, es aplicable la norma. Si tales hechos correctamente alegados permiten una conclusión de responsabilidad o negligencia y, además, establecen la relación causal entre la conducta negligente o culposa y el daño sufrido, el tribunal tendrá que darlos como hechos probados. Alamo v. Supermercado Grande, Inc., supra.
Ahora bien, de conformidad con la Regla 45.2 (b) de Procedimiento Civil, supra, se ha expresado que para el descargo por el tribunal de su función adjudicativa de un pleito en rebeldía, “el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba. ” Hernández, v. Espinosa, 145 D.P.R. 248, 272 (1998). Es decir, si para que un tribunal pueda dictar sentencia en rebeldía le es necesario comprobar la veracidad de cualquier alegación, o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas. Véase además, Alamo v. Supermercado Grande, Inc., supra; Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563 (1997).

Moción de Relevo de Sentencia

Como parte de los remedios contra una sentencia, la Regla 49.2 de Procedimiento Civil de Puerto Rico, 32 L. P.R.A. Ap. Ill, R. 49.2, establece los fundamentos que permiten a una parte solicitarle al tribunal el relevo de una sentencia. Por virtud de dicha disposición legal, los tribunales pueden dejar sin efecto una sentencia u orden emitida cuando haya causa justificada para ello, de forma tal que se le releva a la parte de los efectos de la misma. Ortiz Serrano v. Ortiz Díaz, 106 D.P.R. 445 (1979); De Jesús v. González, Op. de 9 de marzo de 2007, 2007 J.T.S. 48. Cónsono con el principio judicial de que los casos se vean en sus méritos, esta regla provee un mecanismo procesal post-sentencia que busca impedir que los tecnicismos puedan frustrar los fines de la justicia. Piazza v. Isla del Río, Inc., 158 D.P.R. 440 (2003); De Jesús v. González, supra.
Claro está, por ser un remedio extraordinario y discrecional, las decisiones judiciales finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido, puesto que, aunque la apertura del caso se permite como un fin para hacer justicia, ello no implica que la facultad judicial concedida será absoluta. Sobre este particular, dispone la Regla 49.2, supra, en lo pertinente, que:

*1110
“La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. ”

32 L.P.R.A. Ap. HI, R. 49.2.
Además de tener un término de carácter jurisdiccional, es menester señalar, por otro lado, que una Moción en Relevo de Sentencia no puede ser presentada como un sustituto de un recurso de revisión o de reconsideración. Por ello, no puede la parte utilizar este mecanismo como subterfugio por haberle transcurrido el término para solicitar reconsideración, ya que “utilizar el mecanismo procesal de relevo de sentencia para extender indirectamente el término para recurrir en alzada, atentaría contra la estabilidad y certeza de los procedimientos judiciales; interés fundamental de nuestro ordenamiento jurídico”. Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314 (1997). Para conceder un relevo de sentencia, es necesario que la solicitud al efecto aduzca, al menos, una de las siguientes razones:

“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento, por las siguientes razones:

1 - Error, inadvertencia, sorpresa o negligencia excusable;

2- Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

3- Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

4- Nulidad de la sentencia;

5- La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

6- Cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia [...]. ”

32 L.P.R.A. Ap. Ill, R. 49.2, supra.
Sin embargo, la mera solicitud de un- relevo de sentencia no da, por sí sólo, el derecho a eximirlo de los efectos de la misma. El foro primario deberá, además, evaluar la solicitud de relevo tomando en consideración los siguientes criterios: (1) si el peticionario tiene una buena defensa en sus méritos; (2) tiempo que media entre la sentencia y la solicitud de relevo de sentencia; y (3) grado de perjuicio que pueda ocasionar a la otra parte conceder dicho relevo. Pardo Santos y otros v. Sucesión Stella Royo, 145 D.P.R. 816 (1998). El Tribunal Supremo de Puerto Rico ha establecido que al evaluar estos criterios:

“El tribunal debe hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso, hubo ‘error, inadvertencia, sorpresa o negligencia excusable’ o ‘no sería equitativo que la sentencia continuara en vigor’, o existe ‘cualquier... razón que justifique la concesión de remedio contra los efectos de una sentencia’ ”.

Vázquez Ortiz v. López Hernández, supra.

Por último, debemos destacar que, una solicitud de relevo de sentencia no interrumpe el término para recurrir *1111 en alzada, puesto que además de estar sujeto a un término jurisdiccional, la Regla 49.2 no está incluida entre las mociones que interrumpen el término para solicitar revisión o apelación, conforme a la Regla 53.1 (d) de Procedimiento Civil de Puerto Rico. Pagan Navedo v. Rivera Sierra, supra.

Ill

Nieves y Ramírez admiten haber sido debidamente emplazados el 17 de abril de 2008 y que no presentaron su contestación a la demanda dentro del término dispuesto por ley. Así pues, no hay controversia respecto al hecho de que la anotación de rebeldía fue conforme a lo dispuesto en la Regla 45.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 45.2, que dispone que “cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo, haya dejado de presentar alegaciones o de defenderse [...], y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía”.
Así pues, no surge del expediente del caso ninguna duda de que, al no presentar su contestación a la demanda dentro del término dispuesto en la ley, el Tribunal de Primera Instancia tenía plena facultad para anotarle la rebeldía a Nieves Ramírez. El expediente demuestra que Doral Bank solicitó dicha anotación transcurrido el término para alegar. Presentó una declaración jurada sobre las cantidades adeudadas, trámite que cumplió cabalmente con las disposiciones de la antes citada Regla 45.1, supra.
Nieves y Ramírez, inconformes con la determinación del Tribunal de Primera Instancia y luego de haber sido notificados de la sentencia que se emitiera en rebeldía, solicitaron el relevo de dicha sentencia al amparo de la Regla 49.2, supra, aduciendo que tenían una defensa meritoria que justificaba dejar sin efecto la anotación en rebeldía. Presentaron dicha solicitud el 11 de julio de 2008, dentro del término de 15 días de la notificación de la sentencia en rebeldía. Dicho término coincide con el dispuesto para la reconsideración de las sentencias. [2]
Basaron su petición en el inciso uno (1) de la citada disposición legal; o sea, la existencia de error, inadvertencia, sorpresa, negligencia excusable; o, en su defecto, el inciso seis (6), el cual dispone para el relevo de la sentencia basado en una razón que justifique un remedio adecuado. Adujeron tener defensas meritorias que presentar, incluyendo la existencia de una querella ante el Departamento de Asuntos del Consumidor, sobre vicios de construcción del apartamento objeto del caso de marras.
No habiendo actuado el Tribunal de Primera Instancia en tomo a la moción de relevo de sentencia dentro del término de diez (10) días dispuesto en la ley respecto a las solicitudes dé reconsideración, Nieves y Ramírez acudieron en apelación ante este Tribunal. Ello, con el propósito de preservar su derecho a apelar de la sentencia dictada.
Posteriormente, y estando el caso ante nuestra consideración, el foro primario procedió a declarar Con Lugar la solicitud de relevo de sentencia pendiente de consideración previo a la presentación del escrito de apelación ante nos y a permitir que Nieves y Ramírez presentaran su contestación, lo que dicha parte hizo el 11 de septiembre de 2008.
Como estableciéramos anteriormente, el derecho aplicable concede como remedio extraordinario el relevo de una sentencia, siempre que se demuestre la existencia de alguna de las razones dispuestas en la Regla 49.2, supra, siendo una de ellas, la expresada por Nieves y Ramírez: a saber, error, inadvertencia, sorpresa o negligencia excusable. Expresaron, además, que tienen defensas meritorias que justifican dicho relevo y así lo entendió el Tribunal de Primera Instancia.
Doral Bank aduce que una vez presentado un escrito de apelación, se suspenden los procedimientos en el Tribunal de Primera Instancia. Véase Regla 18, Reglamento del Tribunal de Apelaciones. Asimismo, plantea que el foro primario actuó sin jurisdicción al actuar en tomo a la moción de relevo presentada por los apelantes. En virtud de ello, solicita de este Tribunal que decretemos la nulidad de la resolución dictada y que mantengamos en *1112 pleno vigor la sentencia apelada. Rehusamos dicho curso de acción.
Nuestro más Alto Foro judicial ha expresado que el relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. Rivera Meléndez v. Algarín Cruz, 159 D.P.R. 482 (2003); Náter Cardona v. Ramos Muñiz, 162 D.P.R. 616 (2004). Sin embargo, sabido es que “la Regla 49.2 debe interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto la sentencia o anotación de rebeldía, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos”. Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966); Vázquez Ortiz v. López Hernández, 160 D.P.R. 714 (2003).
Ciertamente, la determinación tomada por el Tribunal de Primera Instancia está en el ámbito de su discreción, cuyo ejercicio nos impone una actitud deferente. No obstante, el tribunal de instancia debió explicar su proceder para poner en condiciones a las partes para solicitar la revisión de dicha resolución, cuya corrección no se encuentra ante nuestra consideración.
A la luz de lo anterior, resolvemos que el recurso de apelación presentado en este caso es prematuro, habida cuenta de que aún está pendiente ante el foro primario la adjudicación del caso en sus méritos. No obstante, considerado el hecho de que el Tribunal de Primera Instancia, al actuar en torno a la moción de relevo de sentencia sin la autorización de este Tribunal -estando pendiente una apelación ante nos de dicha sentencia-, provocó confusión en el estado procesal del caso, se le ordena al Tribunal de Primera Instancia renotificar la resolución tomada, respecto al relevo de la sentencia, en la que consigne los fundamentos para dicha determinación. De esta manera, se preserva el derecho de las partes a solicitar la revisión de dicha resolución, de así considerarlo necesario.
IV
Por los fundamentos expresados, se desestima la apelación presentada, por haberse relevado de la sentencia apelada a la parte apelante y se ordena al Tribunal de Primera Instancia renotificar la resolución sobre relevo de sentencia, en la que exprese los fundamentos para dicha determinación.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria.
María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones
ESCOLIOS 2009 DTA 60

1. Cabe destacar que la querella a la que se refiére el Sr. Nieves Morillo fue presentada ante el DACO el mismo día en que sometió ante el Tribunal de Primera Instancia la Moción de Relevo de Sentencia.

2. La Regla 47.1 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. Ill, R. 47.1, establece que la parte adversamente afectada con la determinación del tribunal puede solicitar reconsideración, dentro del término de quince (15), contados desde el archivo en autos de copia de la notificación de la sentencia. El Tribunal de Primera Instancia deberá, a su vez, considerar la moción de reconsideración dentro del término de diez (10) días de haberse presentado la misma. Si el tribunal toma una determinación dentro de este término, el término jurisdiccional para apelar o presentar recurso de certiorari ante el Tribunal de Apelaciones quedará interrumpido. Por otro lado, si el tribunal deja de tomar una determinación sobre la misma dentro de dicho período de diez (10) días, se entenderá que la moción fue rechazada de plano y, por ende, el término para recurrir en alzada no quedó interrumpido.